**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TOMEKA BRIGHT, GRETCHEN
STANSBERRY, SABRINA KINSLOW, and
DONNA FURQUAN,

                Plaintiffs,                      CASE NO.  3:10-cv-427-J-37TEM

vs.

MENTAL HEALTH RESOURCE
CENTER, INC.

                Defendant.

_____

## REPORT AND RECOMMENDATION[1]

      This matter is before the Court on referral by the Honorable Roy B. Dalton, Jr., for

a report and recommendation on whether the parties' settlement is a "fair and reasonable"

resolution of a *bona fide* dispute over issues regarding the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* ("FLSA") (*see* Doc. #26, Court Order).  For the reasons set forth

herein, it is respectfully recommended the District Court grant the parties' Joint Motion for

Approval of Settlement and Dismissal With Prejudice (Doc. #25), approve the settlements

as described therein, but decline to approve the Settlement Agreements as a whole.

### Pertinent Background

      Defendant Mental Health Resource Center, Inc. ("MHRC"), is a not-for-profit

contracting agency, known as a "service provider," that contracts with the Florida

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to file a timely objection waives a party's right to a *de novo* review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Department of Children and Families to provide a large variety of foster care and related services in the community (Doc. #1 at ¶ 16; Doc. #24 at ¶¶ 5-10). Plaintiffs worked for MHRC under the generic category of "case managers" (Doc. #1 at ¶¶ 5-10, 17-20). Plaintiff were more specifically employed as "Family Service Counselors" (Doc. #25 at 3). Family Service Counselors at MHRC work in two distinct capacities; in Defendant's dependency program or in Defendant's Family Assessment Support Team ("FAST") program. *Id.*

This case was brought under the Fair Labor Standards Act with the filing of the Complaint (Doc. #1) on May 18, 2010 by the named Plaintiffs Tomeka Bright, Gretchen Stansberry and Sabrina Kinslow. A notice advising the consent of Donna Furquan to become an opt-in plaintiff was filed on May 24, 2010 (Doc. #3). Plaintiffs alleged they were employees covered by the FLSA, who were non-exempt and worked an unspecified number of overtime hours while employed by Defendant (*see* Doc. #1). On August 10, 2010, Defendant filed its Answer and Affirmative and Other Defenses (Doc. #7). The proceedings in the case were bifurcated to permit limited discovery on the issue of enterprise coverage (*see* Doc. #13, Court Order). With Plaintiffs' later concession on this issue, Defendant's Motion for Summary Judgment on Enterprise Coverage Issue (Doc. #14) was granted by the Court in April 2011 (*see* Doc. #16, Court Order).[2] Defendant subsequently sought, and was granted, leave to amend its answer to assert a counter-claim against Plaintiff Bright (*see* Docs. #22, #23). The Joint Motion for Approval of

---

[2]Counsel for the parties acknowledge that "[s]ince there is no enterprise coverage under the FLSA in this case, the Plaintiffs' FLSA action [could] only proceed to the extent there exists individual coverage over each of the Plaintiffs. For individual coverage to apply under the FLSA, a plaintiff must prove that he was (1) engaged in commerce or (2) engaged in the productions of goods for commerce." *See* Doc. #25 at 2, *citing Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

Settlement and Dismissal with Prejudice (Doc. #25) was filed on August 11, 2011. Thereafter, the District Court referred the matter to the undersigned (Doc. #26).

 In seeking the Court's approval of the FLSA settlements, the parties requested the Court "review the Settlement Agreements *in camera*, approve them, and dismiss all claims and counterclaims in this action with prejudice" (Doc. #25 at 1). The Court found an *in camera* review was appropriate and directed the parties to submit copies of each settlement agreement to the chambers of the undersigned for the review. *See Nunnick v. Wholesale Pictures & Mirrors, LLC*, No. 2:09-cv-365-FtM-36SPC, 2010 WL 338098 (M.D. Fla. Jan. 22, 2010) (approving FLSA settlement agreement following *in camera* review, without reference to filing same under seal or on the public record); *Ammirati v. Lutheran Servs. Florida, Inc.*, No. 2:09-cv-496-FtM-29SPC, 2010 WL 148724 (M.D. Fla. Jan. 13, 2010) *(in camera* submission of FLSA settlement agreement permitted and agreement approved);[3] *but see Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1244-47 (M.D. Fla. 2010) (disapproving, *inter alia*, an *in camera* submission of a FLSA settlement agreement on the basis the judge's approval of a settlement constitutes a public act and the agreement approved is presumptively a public record). Upon review of the proposed settlement agreements, the Court noted concerns that possibly would preclude the undersigned from recommending the District Court accept the agreements as fair and reasonable resolutions of the Plaintiffs' *bona fide* disputes with Defendant, as required under *Lynn's Food Stores, Inc. v. United States*, 679 F.2 1350, 1352-55 (11th Cir. 1982).

A telephone hearing was set to advise the parties of the Court's concerns and to

---

[3]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

hear argument. The telephonic hearing was held before the undersigned on October 4, 2011 (Doc. #29, Clerk's Minutes).[4] Counsel for all parties were present for the telephonic hearing, the non-transcribed recording of which is incorporated by reference.[5] Subsequent to the hearing, Defendant Mental Health Resource Center, Inc.'s Notice of Authority (Doc. #3, Notice of Authority) was filed per the Court's direction.[6]

## Analysis

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back-wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back-wages or when the District Court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. If a FLSA plaintiff has been offered "full compensation," then the case does not involve a compromise under *Lynn's Food Stores,*

---

[4]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

[5]The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

[6]Defendant's Notice of Authority cites to a number of unpublished orders, a few of which are available for review on Westlaw, in which courts within the Middle District of Florida have approved FLSA settlement agreements that contain broad, general release clauses wherein the plaintiffs/employees release the defendants/employers for any potential liability under a myriad of federal statutes and common law claims. *See, e.g., Dillenbeck-Grose v. Equity Lifestyle Properties, Inc.*, No. 2:11-cv-94-FtM-36DNF, 2011 WL 3497900 (M.D. Fla. Jul. 26, 2011); *Thomas v. Chicago Pizza & Sports Grille, Inc.,* No. 3:10-cv-940-J-34TEM, 2011 WL 1979484 (M.D. Fla. Apr. 29, 2011); *Haisten v. Zachry Industrial, Inc.*, NO. 3:09-CV-00937-J-32JBT, 2010 WL 3747015 (M.D. Fla. Sept. 1, 2010); *but see Moreno v. Regions Bank,* 729 F.Supp.2d 1346 (M.D. Fla. 2010) (in which the court specifically denounces broad, general release clauses as pervasive releases of unknown claims that fail judicial scrutiny of FLSA settlement agreements).

4

*supra*, and therefore, judicial scrutiny with respect to the fairness and reasonableness of any proposed settlement is unnecessary. *See MacKenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

Here, the parties are in agreement that Plaintiffs have compromised their claims (Doc. #25). If a party compromises his or her claim, the court must scrutinize the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. At the hearing, and as set forth in the Joint Motion, counsel argued that the proposed settlements are fair and reasonable because each settlement provides the relevant Plaintiff with monetary or other compensation despite Defendant's vehement position that Plaintiffs are not regularly engaged in interstate commerce and may be excluded from individual coverage under the FLSA on that basis or Plaintiffs are exempt professionals under the FLSA. Under the proposed settlement of Plaintiff Bright, Defendant and Bright have agreed to exchange mutual releases for the dismissal of their claims against each other with prejudice (Doc. #25 at ¶ 9).[7] Defendant has agreed to pay an overtime pay premium to Plaintiffs Kinslow and Stansberry for five (5) hours during each week in which they served as dependency counselors for MHRC, in exchange for a release and dismissal of this lawsuit with prejudice; and Defendant has agreed to pay a nominal amount of overtime pay to Plaintiff Furquan, who worked only as a FAST counselor, in exchange for a release and dismissal of this lawsuit with prejudice.[8] *Id.*

---

[7]Plaintiff Bright acknowledges that if MHRC was successful on its counterclaims, its potential damages and attorneys' fees would exceed the potential damages under her FLSA claim (*see* Doc. #25 at ¶9).

[8]Defendant has agreed to pay Plaintiff Stansberry $1,050, Plaintiff Kinslow $1,644 and Plaintiff Furquan $500. Counselors in the FAST program, such as Furquan, "do not

Throughout the pendency of this case, each Plaintiff has been represented by legal counsel that has significant experience in FLSA litigation. Employees who are represented by an attorney who can protect their rights under the FLSA statute are more likely to submit a settlement that reflects a reasonable compromise of disputed issues. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. In this case, the parties dispute Plaintiffs' status as exempt or covered employees under the FLSA (*see* Doc. #24 at 6). Defendant further denies that any of its acts were not in compliance with the FLSA and affirmatively asserts all its actions were done in good faith and based on reasonable grounds that its acts or omissions were not in violation of the FLSA. *Id*. Defendant has maintained its position throughout this litigation that Plaintiffs are not entitled to additional compensation under the FLSA and counter-sued Plaintiff Bright for, *inter alia*, conversion and civil theft (*see generally*, Docs. #24, #25). It is evident that *bona fide* disputes in relation to the FLSA exist in this case.

Counsel for Plaintiffs has expressed Plaintiffs' desire to settle this case under the terms of the proposed settlement agreements, as evidenced by the Plaintiffs' signatures affixed thereto. The settlements are agreed to in exchange for mutual releases and dismissals of the claims with prejudice. No liquidated damages are provided. The parties have agreed to waive all claims for attorneys' fees and costs, and the "attorneys for the Plaintiffs are not seeking fees and costs from the Plaintiffs from their recovery" (Doc. #25 at ¶ 11). "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in

---

have any regular or recurring contacts outside of Florida" and Plaintiffs concede "it is unlikely that individual coverage would be found for employees working in this program" (Doc. #25 at 3).

a position to competently declare that such a settlement is 'unreasonable'." *Dees v. Hydradry, Inc.*, 706 F.Supp. 2d 1227, 1241 (M.D. Fla. 2010).

On the narrow facts of the instant case, the undersigned finds the settlements, with the exception of the overly broad general release language, are both reasonable and fair to the Plaintiffs. In evaluating fairness in the context of an FLSA compromise, the Court should examine: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [Plaintiffs'] success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Id.* (internal citations omitted). Nothing in the record suggest fraud or collusion behind the settlements. The parties have not provided the Court with any indication of what work records may or may not exist to support Plaintiffs' claims. However, the Court is cognizant that Plaintiffs were classified as professional employees exempt from the overtime compensation provisions of the FLSA (*see* Doc. #24). The Court is also aware that individual coverage under the FLSA is contested in this case. *Id.* Lengthy and expensive discovery could be expected to ensue as each side attempts to gather evidence in support of its position. On the record provided to the Court thus far, the probability of Plaintiffs' success and the amount of possible recovery is highly questionable. Plaintiffs' counsel and Defendant's counsel are unified in their opinions that dismissal of this case under the proposed settlement agreements is in the best interests of their clients. The undersigned sees no evidence of overreaching by the Defendant/employer and agrees that on the facts presented the proposed settlements are fair and reasonable resolutions of *bona fide* disputes under the FLSA.

Having found the settlements are fair and reasonable to the parties, the Court turns its attention to whether the agreed compromises frustrate the implementation of the FLSA. "The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc.*, 679 F.2d at 1352 *citing Barrentine v. Arkansas Best Freight System*, 450 U.S. 728 (1981). Recognizing the unequal bargaining power between employees and employers, FLSA rights cannot be abridged by contract or otherwise, these rights cannot be bargained away. *See id.* Here, it does not appear to the undersigned that Plaintiffs' FLSA rights have been bargained away or nullified in any way. Plaintiffs' rights have been protected by legal counsel from the inception of this case. Plaintiffs' complaint does not allege substandard wages, nor does it allege oppressive working hours. The complaint alleges Plaintiffs' worked in excess of forty hours per work and were not paid overtime wages for that work. Such inexact language does not imply Plaintiffs were paid a less than minimum wage, nor does it imply Plaintiffs were forced to work an excessive number of hours or were forced to work in oppressive conditions. Thus, on the record before the Court, the undersigned concludes the agreed settlements do not compromise implementation of the FLSA.

The Settlement Agreements as a whole, however, are problematic in that they have not been filed in the public record and they contain general release clauses that this Court finds are overly broad. *See Dees v. Hydradry, Inc.*, 706 F.Supp. 2d 1227 at 1242-47 (discussion of why FLSA settlement agreements should be filed on the public record); *Moreno v. Regions Bank,* 729 F.Supp.2d at 1351 (disapproving broad releases in FLSA cases in which an employee "effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled"). As

Defendant has correctly pointed out, a number of courts within this district, including this one, in the past have approved FLSA settlement agreements that contain very broad general releases. *See, e.g.*, note 6, *supra*. Similarly, a number of courts, including this one, have permitted the *in camera* submissions of FLSA settlement agreements to facilitate the courts' review of those agreements under *Lynn's Food Stores, Inc. See supra,* Pertinent Background. The undersigned readily acknowledges this area of the law is not well settled. The noted differences in how the courts conduct the reviews of FLSA settlements reflect the discretionary role of the courts in determining whether the settlements are fair and reasonable in any particular case. Each case must considered in light of the facts material to that case. In this instance, Plaintiffs have not established they are "unconditionally entitled" to the compensation sought under the FLSA, as stated in the Complaint. As noted above, the individual coverage issue and the exempt status issue remain hotly contested in this case. Although Plaintiffs have "compromised" their FLSA claims, their entitlement to those claims is an unanswered question. Thus, on the unique facts of this case, as discussed in detail above, the undersigned finds the best course of action is to approve the settlement terms set forth in the Joint Motion for Approval of Settlement and Dismissal With Prejudice (Doc. #25) as fair and reasonable resolutions of *bona fide* disputes under the FLSA, while declining to approve the Settlement Agreements as a whole, which have been reviewed *in camera* but are not filed in the official record of this case. *See Aiello v. Daytona Beach Lincoln Mercury, Inc.*, No. 6:07-cv-1794-Orl-28KRS, 2008 WL 89772 (M.D. Fla. Jan. 7, 2008) (finding the settlement payment made to the plaintiff was fair and dismissing the case with prejudice as requested by the parties, but denying the motion for approval of the settlement agreement to the extent it

sought approval of the <u>unfiled</u> settlement agreement as a whole) (emphasis added).

## Conclusion

For the reasons stated herein and on the record at the hearing, the undersigned respectfully **RECOMMENDS** that the District Court grant the Joint Motion for Approval of Settlement (Doc. #25), approve the settlements as described therein as a fair and reasonable resolution of *bona fide* FLSA disputes, but decline to approve the Settlement Agreements as a whole. The undersigned further **RECOMMENDS** this case be dismissed with prejudice, as requested by the parties.

**DONE AND ENTERED** at Jacksonville, Florida this  21ST  day of October, 2011.


*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge